# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4142

_____

| | | |
|---|---|---|
| Chester William Sergent, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Larry Norris, Director, Arkansas | * | Eastern District of Arkansas. |
| Department of Correction; John Doe, | * | |
| Arkansas Department of Correction | * | [PUBLISHED] |
| Policy Maker 250; Gaylon Lay, | * | |
| Warden, Delta Regional Unit, ADC; | * | |
| Ray Hobbs, Deputy Director, Arkansas, | * | |
| Department of Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 23, 2003
Filed: May 16, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

In February 2002 Arkansas inmate Chester Sergent filed a 42 U.S.C. § 1983 complaint against Arkansas Department of Correction (ADC) officials alleging, inter alia, that he had been involuntarily exposed to secondary smoke from inmates smoking tobacco in the Delta Regional Unit, where he was housed; he provided proof

of exhaustion as to the claim. In September 2002 Sergent moved for injunctive relief, claiming he was exposed to tobacco smoke in the North Central Unit, where he was then housed, in violation of ADC's tobacco-free policy. Sergent was directed to provide proof of exhaustion of his new claim within thirty days, and he submitted his August 12, 2002 grievance regarding tobacco smoke in the North Central Unit. On November 15 the district court[1] determined that Sergent had produced only partial evidence of exhaustion of his claim--the August 12 grievance--and had not submitted the Warden's response or the final disposition from the Assistant Director. The court thus dismissed the case without prejudice for failure to exhaust administrative remedies as required under 42 U.S.C. § 1997e(a).

Sergent submits on appeal the August 15 Warden's response; his August 17 appeal; September 27 and November 25 grievance-extension requests, both of which he refused to grant; and the December 4 Assistant Director's decision denying his grievance. He argues that the resolution of his grievance was untimely under ADC grievance procedure.

Under ADC grievance procedure, an inmate must file a grievance, with a grievance officer or the Warden's designee, within fifteen days after the "grievance occurrence." The Warden's written response must be provided within twenty "working days" of receipt of the inmate's grievance in non-emergency situations. The inmate may appeal the Warden's response, within ten working days, to the Assistant Director. The Assistant Director must respond to the appeal in writing within twenty working days. When a longer period of time is required for response or resolution, the inmate must be notified, on a Grievance Extension Form, of the reason for the delay and its expected length; time limits for responding may be extended only with the written agreement of the inmate. The entire grievance process

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

must be completed within sixty-five working days unless a valid extension has been agreed to, or it can be documented that unforeseen circumstances have occurred--such as the respondent's absence or illness, the loss of documents in the mail, or other causes outside the parties' control. See Ark. Dep't of Corr. Admin. Directive 97-08 (July 3, 1997).

Prison officials' failure to timely respond to a grievance could be a basis for a prisoner to show that he exhausted "available" administrative remedies. See Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court lacked sufficient factual basis to find inmate failed to exhaust administrative remedies when prison officials had refused to respond to informal resolution request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy that prison officials prevent inmate from using is not "available" remedy under § 1997e(a); inmate's allegations that prison failed to respond to his requests for grievance forms were sufficient to raise inference that he had exhausted "available" remedies).

Significantly, however, we find no evidence in the record before us that Sergent asserted below, to the district court, that he was being prevented from effectively utilizing grievance procedures. At the time his case was dismissed, Sergent had received the Warden's response, had appealed to the Assistant Director, and had received and refused one grievance-extension request. He did not submit this material to the district court, and we see no other indication in the record that Sergent made reference below to an untimely grievance process. Thus, on the record that was before the district court at the time that it ruled, we conclude that the court properly dismissed the case without prejudice for failure to exhaust. Cf. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000) (per curiam) (upholding dismissal for failure to exhaust because inmate did not allege exhaustion in his complaint or attach evidence of exhaustion, and thus did not satisfy burden of showing exhaustion).

Accordingly, we affirm.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully dissent because the record shows that Mr. Sergent had exhausted his administrative remedies before the district court dismissed his complaint. While Mr. Sergent did not specifically call the magistrate judge's attention to the untimeliness of the prison officials' response, he did indicate the date on which he filed his grievance, and it is up to the district court to apply the law to the facts. I cannot emphasize enough that prison grievance procedures are law: They are state-made rules and no one, including a prisoner, is required to plead law. Law is for courts to find and apply. Under the law in this case, the time for a response from prison officials had passed, and so Mr. Sergent had fully exhausted the grievance procedure. The prison officials offered no evidence that there were unforeseen circumstances that would have extended the period.

My point is not that Mr. Sergent has been prevented from using the grievance procedure, so *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001), is beside the point. My point is the opposite: Mr. Sergent used the procedure and exhausted it.

I would therefore reverse the judgment of the district court and remand the case for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-